# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Sara Berens,** *Plaintiff* | § § § § | |
| **v.** | § § | **Case No. 1:25-cv-01381-ADA-SH** |
| **Frank Bisignano, Commissioner of Social Security Administration,** *Defendant* | § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
    **UNITED STATES DISTRICT JUDGE**

Now before the Court is Defendant's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), filed January 29, 2026 (Dkt. 19).[1]

### I.    Motion to Remand

Plaintiff Sara Berens challenges the Commissioner's decision that she is not disabled under the Social Security Act. Dkt. 13. Defendant moves the Court to reverse and remand for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 19. Plaintiff does not oppose remand. *Id.* at 1.

Sentence four of Section 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

rehearing." 42 U.S.C. § 405(g). After considering the pleadings, administrative record, and Defendant's Motion, the Court finds that remand is appropriate to ensure that the Commissioner properly considers Plaintiff's claim of disability. *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) ("Sentence-four remands give a reviewing court the authority to remand a benefits case if it determines that the Commissioner incorrectly applied the relevant law or made improper findings of fact."); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:24-CV-01018-ADA-SH, 2025 WL 1173440, at *1 (W.D. Tex. Apr. 11, 2025) (finding sentence-four remand appropriate when government requested remand for further administrative proceedings to ensure plaintiff's claim of disability was properly considered), *R. & R. adopted*, 2025 WL 1243917 (W.D. Tex. Apr. 29, 2025).

A district court remanding a case under sentence four must enter judgment and may not retain jurisdiction over the administrative proceeding on remand. *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993); *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (holding that a sentence-four remand must include a substantive ruling affirming, modifying, or reversing the Secretary's decision).

## II.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Unopposed Motion to Reverse and Remand (Dkt. 19) and **REVERSE** and **REMAND** this case under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security to conduct further administrative proceedings.

The Court **FURTHER RECOMMENDS** that the District Court **ENTER JUDGMENT** on behalf of Plaintiff.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

### III.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 20, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE